```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
             CHARLOTTE DIVISION
                3:04CV191-MU
```

RODNEY BEARD,                  )
       Plaintiff,         )
                           )
  v.                          )    **ORDER**
                           )
AMERICAN EXPRESS TRAVEL        )
RELATED SERVICES COMPANY, INC.,)
       Defendant.         )

**THIS MATTER** is before the Court upon the Defendant's motion to be allowed to attend the mediation telephonically [doc. 67]. In its motion, the Defendant states that the company representative planning to attend the mediation resides and works in New York City which is more than 200 miles away.

The Plaintiff has filed a response opposing the motion on the grounds that the damages in the case are substantial, and the burden to the Defendant and its representative if required to attend the mediation would not be that great. In addition, the Plaintiff contends that the likelihood of settlement is greater if the parties discuss the case face-to-face.

Under Local Rule 16.3(C), a party or person required to attend a mediation may attend the mediation telephonically if the party or person resides more than 200 miles away by the usual highway route. While the Court agrees that the case may be more likely to settle if the Defendant's representative attends the mediation in person, it will nevertheless grant the Defendant's motion given that the

Defendant's representative resides more than 200 miles from Charlotte. Although the Plaintiff contends that the damages he is seeking in this case are substantial, the Court does not find that the amount involved is so great, or the issues so complex, that it would require the Defendant's representative to attend the mediation in person.

In so holding, the Court notes that the Defendant's representative should be available and present by telephone at all times during the mediation conference and otherwise comply with all rules governing the mediation process. In addition, counsel for the Defendant will, of course, be expected to attend the mediation in person.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT** the motion to attend the mediation telephonically be **GRANTED.**

**Signed: May 5, 2005**

Graham C. Mullen
Chief United States District Judge